Slip Op. 11-59

### UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

—————————————————————————
: 
FORMER EMPLOYEES OF SOUTH EAST AIRLINES, :
: 
              Plaintiff, :
:       Court No.
              v. :       09-00522
: 
UNITED STATES SECRETARY OF LABOR, :
: 
              Defendant. :
—————————————————————————:

[The Department of Labor's Remand Determinations are affirmed.]

    Sidley Austin, LLP (Neil R. Ellis, Jill Caiazzo) for Former Employees of South East Airlines, plaintiff.

    Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Jacob A. Schunk); Jonathan Hammer, Office of the Solicitor, United States Department of Labor, of Counsel, for the United States Department of Labor, defendant.

                        Dated:   May 26, 2011

### OPINION

    **TSOUCALAS, Senior Judge**: Plaintiffs, Former Employees of Southeast Airlines ("the Former Employees"), move pursuant to USCIT R. 56.1 for judgment upon the agency record or, alternatively, a remand for further investigation. The Former Employees challenge the United States Department of Labor's ("Labor") determinations denying them eligibility for certification of Trade Adjustment Assistance ("TAA") under the Trade Act of 1974, tit. II, §§ 221-

249, 284, <u>as amended</u> 19 U.S.C. §§ 2271-2321, 2395 (Supp. II 2008)

(the "Trade Act").   <u>See</u> <u>Notice of Determination Regarding</u>

<u>Eligibility to Apply for Worker Adjustment Assistance</u> ("<u>Negative</u>

<u>Determination</u>"), 74 Fed. Reg. 59,251, 59,255 (Dep't Labor Nov. 17,

2009); <u>Notice of Negative Determination Regarding Application for</u>

<u>Reconsideration</u> ("<u>Negative Reconsideration</u>"), 74 Fed. Reg. 64,736

(Dep't Labor Dec. 8, 2009); <u>Notice of Negative Determination on</u>

<u>Remand</u> ("<u>First Remand</u>"), 75 Fed. Reg. 57,517 (Dep't Labor Sept. 21,

2010); <u>Notice of Negative Determination on Second Remand</u> ("<u>Second</u>

<u>Remand</u>"), 76 Fed. Reg. 4733 (Dep't Labor Jan. 26, 2011).   Labor

determined that the Former Employees were not entitled to TAA

because they did not meet the statutory requirements for

certification.

## BACKGROUND

The Former Employees were employed by Atlantic Southeast

Airlines ("the Airline"), and worked at the Fort Smith, Arkansas

airport facility.   Under a contract between the Airline and Delta

Airlines, the Former Employees provided airport station management,

ticketing and baggage services.   <u>See</u> Second Remand Comments of

Plaintiff Former Employees of Atlantic Southeast Airlines at 8, 11,

15.   The Former Employees were severed from their employment in

May of 2009.   Their application for TAA was denied on September 28,

2009.   In their request for administrative reconsideration, they

asserted that they were eligible to receive TAA as "downstream

producers" for various local firms that were certified as eligible

for TAA.  Upon receiving a negative determination on that request,

the Former Employees sought judicial review in this Court on

December 7, 2009.  Labor, during both remands, determined that the

Former Employees were not entitled to TAA benefits for a number of

reasons including that they were not downstream producers within

the meaning of the statute.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1581(d)(1) (2000).

### STANDARD OF REVIEW

In reviewing a challenge to Labor's determination of

eligibility for TAA, the Court will uphold Labor's determination if

it is supported by substantial evidence on the record and is

otherwise in accordance with law.  See 19 U.S.C. § 2395(b) (2000);

Woodrum v. Donovan, 5 CIT 191, 193, 564 F. Supp. 826, 828 (1983),

aff'd, Woodrum v. United States, 737 F.2d 1575 (Fed. Cir. 1984).

"Substantial evidence is something more than a 'mere scintilla,'

and must be enough reasonably to support a conclusion."  Ceramica

Regiomontana, S.A. v. United States, 10 CIT 399, 405, 636 F. Supp.

961, 966 (1986), aff'd, 810 F.2d 1137 (Fed. Cir. 1987); see also

Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

Additionally, the Court's review of Labor's determination denying

certification of eligibility for TAA benefits is confined to the

administrative record before it.  <u>See</u> 28 U.S.C. § 2640(c) (2000);

<u>see also</u> <u>Int'l Union v. Reich</u>, 22 CIT 712, 716, 20 F. Supp. 2d

1288, 1292 (1998).

A court "must accord substantial weight to the interpretation

put on the statute by the agency charged with its administration."

<u>Former Employees of Asarco's Amarillo Copper Refinery v. United</u>

<u>States</u>, 11 CIT 815, 817, 675 F. Supp. 647, 649 (1987).  Moreover,

a court "must defer to an agency's reasonable interpretation of a

statute even if the court might have preferred another."  <u>Koyo</u>

<u>Seiko Co., Ltd. v. United States</u>, 36 F.3d 1565, 1570 (Fed. Cir.

1994).

**ANALYSIS**

The Trade Act provides for TAA benefits to workers who have

been completely displaced as a result of increased imports into, or

shifts of production out of, the United States.  <u>See</u> 19 U.S.C. §

2272.  Such benefits include "unemployment compensation, training,

job search and relocation allowances, and other employment services

. . . ."  <u>Former Employees of Kleinerts, Inc. v. Herman</u>, 23 CIT

647, 647, 74 F. Supp. 2d, 1280, 1282 (1999) (<u>quoting</u> <u>Former</u>

<u>Employees of Parallel Corp. v. United States Sec'y of Labor</u>, 14 CIT

114, 118, 731 F. Supp. 524, 527 (1990)).  <u>See</u> 19 U.S.C. §§ 2295-98.


Here, the issue for Labor to consider is whether the Former

Employees qualified for assistance as adversely effected secondary

workers under 19 U.S.C. § 2272(c). The statute has three requirements, each of which must be satisfied, before Labor may grant TAA. In relevant part, the Trade Act Provides:

> (c) Adversely affected secondary workers
>
> A group of workers shall be certified by the Secretary as eligible for trade adjustment assistance benefits under this part pursuant to a petition filed under section 2271 of this title if the Secretary determines that-
>
> (1) a significant number or proportion of the workers in the workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated;
>
> (2) the workers' firm is a supplier or downstream producer to a firm that employed a group of workers who received a certification of eligibility under subsection (a) of this section, and such supply or production is related to the article or service that was the basis for such certification (as defined in subsection (d)(3) and (4) of this section); and
>
> (3) either-
>
> (A) the workers' firm is a supplier and the component parts it supplied to the firm described in paragraph (2) accounted for at least 20 percent of the production or sales of the workers' firm; or
>
> (B) a loss of business by the workers' firm with the firm described in paragraph (2) contributed importantly to the workers' separation or threat of separation determined under paragraph (1).

19 U.S.C. § 2272(c).

As such TAA eligibility hinges on whether the Former Employees have satisfied the three requirements of 19 U.S.C. § 2272(c).  The first requirement is clearly satisfied since no one disputes the Former Employees have been totally separated from employment. Labor, however, found that the Former Employees were not downstream producers within the meaning of the statute.

The definition of "downstream producer" is specifically set forth in the Trade Act.  It means "a firm that performs additional . . . services directly for another firm for articles or services with respect to which a group of workers in such other firm has been certified under subsection (a)."  19 U.S.C. § 2272(d)(3)(A). Labor's interpretation of "directly for" was that there "may not be an intervening customer or supplier."  Second Remand at 4734.  The evidence in the record shows that the Former Employees were in contract with Delta Airlines and not directly in contract with the TAA certified firms.  Moreover, while the Former Employees may have dealt with individuals who were employed by TAA firms, the Former Employees served the Fort Smith Airport at the pleasure of Delta Airlines and not at the pleasure of these other TAA certified companies.  Labor noted this in their First Remand and their Second Remand.  See First Remand at 57,519; Second Remand at 4734.  As such, Labor reasoned that since the Former Employees provided services "directly for" Delta Airlines and not "directly for" TAA certified firms, the Former Employees could not meet the statutory

definition of "downstream producer".  See First Remand at 57, 519.

Labor's interpretation of the "directly for" phrase within the definition of "downstream producer" is not arbitrary and capricious.  "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute."  Chevron, U.S.A., Inc. v. Natural Recources Defense Council, Inc., et al., 467 U.S. 837, 843-44 (1984).  Labor's interpretation is reasonably construed from the clearly stated definition in the statute.

Additionally, to qualify as adversely affected secondary workers, the Former Employees need to show that the services they supplied were "related to the article or service that was the basis" for the TAA certification.  See 19 U.S.C. § 2272(c)(2).  The companies which the Former Employees rely on for TAA did not engage in airline support services as the Former Employees did.  Labor correctly noted, therefore, that it was "not necessary to survey Delta's customers because the articles or services those customers produce or provide are not related to the supply of airline customer services that the subject firm provides."  See Second Remand at 4734.  It is not necessary for Labor to investigate every other criteria concerning the application since one of the

statutory requirements, specifically, 19 U.S.C. § 2272(c)(2), has not been satisfied.  See Chen v. Chad, 32 CIT ___, ___, 587 F. Supp. 2d 1292, 1296 (2008); see also Former Employees of Asarco's Amarillo Copper Refinery, 11 CIT at 820, 675 F. Supp. at 651 ("Plaintiffs must meet all three requirements of section 222 of the Act before they are eligible for trade adjustment assistance.") Since at least one of the required elements was not satisfied, the Former Employees are not eligible for TAA benefits.

Moreover, the record supports more than a "mere scintilla" of evidence that the reason for the Airline's closure of operations at Fort Smith Airport was not due to foreign competition but directly due to local competition, to wit: they lost a contract to renew their services with the combined merger of Delta and Northwest Airlines.  Labor correctly noted that the Airline "had the same opportunity to bid to win the contract to supply services at the Fort Smith, Arkansas airport as other firms, but did not win the contract."  Second Remand at 4734.  The contract which was not awarded to the Former Employees was connected to local competition, not international competition.  Had the Former Employees succeeded in acquiring this contract, they may still be servicing the Fort Smith Airport.

As such, Labor's determination that the Former Employees are not eligible for TAA certification is supported by substantial evidence and is in accordance with law.

**Court No.  04-00374**                                                      **Page 9**

## CONCLUSION

Based on the foregoing the Court sustains Labor's <u>Notice of</u>
<u>Negative Determination on Remand</u>, 75 Fed. Reg. 57,517 (Sept. 21,
2010), and  the <u>Notice of Negative Determination on Second Remand</u>,
76 Fed. Reg. 4733 (Jan. 26, 2011) denying the Former Employees
eligibility for certification to receive TAA benefits as being
supported by substantial evidence and otherwise in accordance with
law.  Judgment will be entered accordingly.


                              ___/s/ NICHOLAS TSOUCALAS___
                                 NICHOLAS TSOUCALAS
                                 SENIOR JUDGE


Dated:      May 26, 2011
            New York, New York

Slip Op. 11-59

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS
_____
                                        :
FORMER EMPLOYEES OF SOUTH EAST AIRLINES :
                                        :
            Plaintiff,                  :
                                        :     Court No.
            v.                          :     09-00522
                                        :
UNITED STATES SECRETARY OF LABOR,       :
                                        :
            Defendant.                  :
_____:


### JUDGMENT


    The Court having considered all of the evidence in this case,
and based upon the Court's Decision, the documents contained in the
record and upon all proceedings heretofore had herein, it is hereby,


    **ORDERED** that the Department of Labor's <u>Remand Results</u> are
supported by substantial evidence and otherwise in accordance with
law; and it is further


    **ORDERED** that judgment is entered in favor of the United States
Secretary of Labor; and it is further

**Court No.  04-00374**                                          **Page 2**

       **ORDERED** that since all other issues have been decided, this

case is dismissed.




                                        ____/s/ NICHOLAS TSOUCALAS___
                                          NICHOLAS TSOUCALAS
                                          SENIOR JUDGE


Dated:      May 26, 2011
            New York, New York